**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIFFANY STEVEN,**

    **Plaintiff,**

v.                                                   **Case No:**

**WESTLAKE SERVICES, LLC**
**d/b/a WESTLAKE FINANCIAL**
**SERVICES**,                           **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **TIFFANY STEVEN** ("Ms. Steven" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or artificial voice or prerecorded message to call Ms. Steven's Cellular Telephone after Ms. Steven expressly revoked

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **1** of **10**

consent for Defendant to place such calls to her Cellular Telephone, which can reasonably be expected to harass Ms. Steven.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Steven, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Steven is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-1705 ("Ms. Steven's Cellular Telephone").

7. At all times material hereto, Defendant was and is a limited liability company with its principle place of business in the State of CA and its registered agent, CORPORATE CREATIONS NETWORK INC., located at 11380 Prosperity Farms Rd. #221E, Palm Beach Gardens, FL 33410.

### *Statements of Fact*

8. In or around March of 2017, Ms. Steven financed an automobile loan with Defendant ("Account").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **2** of **10**

9. Ms. Steven occasionally fell behind on her payments to Defendant towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10. In or around April 2017, Defendant began placing calls to Ms. Steven's Cellular Telephone in attempts to collect the Debt.

11. In or around the second week of December 2017, Ms. Steven answered one of Defendant's calls that had an operator on the line and told the operator that Defendant's calls to her Cellular Telephone needed to stop.

12. Around this time, Ms. Steven's boyfriend also answered one of Defendant's calls that had an operator on the line and told the operator that Defendant's calls to Ms. Steven's Cellular Telephone needed to stop.

13. Despite Ms. Steven and her boyfriend's demands, Defendant continued to place calls to Ms. Steven's Cellular Telephone in attempts to collect the Debt.

14. Defendant called Ms. Steven's Cellular Telephone at least twenty (20) times after she demanded its calls stop.

15. Defendant even called Ms. Steven's Cellular Telephone between the hours of 9 p.m. and 8 a.m. without Ms. Steven's prior consent.

16. During one of Defendant's calls to Ms. Steven, Defendant's representative was rude to Ms. Steven and said, "Well, if you cannot make the payment, then you should not have gotten the car."

17. Defendant called Ms. Steven's Cellular Telephone from several telephone numbers including, but not limited to: 888-706-3772 and 727-608-5973.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **3** of **10**

18. Upon answering at least one of Defendant's first few calls, Ms. Steven heard a pause before she was connected to a live representative of Defendant.

19. All of Defendant's calls to Ms. Steven's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

20. Ms. Steven re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

22. Ms. Steven revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around the second week of December 2017, when she expressly told Defendant to stop calling her Cellular Telephone. Ms. Steven's boyfriend also revoked consent for Defendant to call her Cellular Telephone during this time period.

23. Despite this revocation of consent, Defendant thereafter called Ms. Steven's Cellular Telephone at least twenty (20) times.

24. Defendant did not place any emergency calls to Ms. Steven's Cellular Telephone.

25. Defendant willfully and knowingly placed non-emergency calls to Ms. Steven's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **4** of **10**

26. Ms. Steven knew that Defendant called Ms. Steven's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of Defendant's calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

27. Ms. Steven knew that Defendant called Ms. Steven's Cellular Telephone using a prerecorded voice because Defendant left Ms. Steven at least one voicemail using a prerecorded voice.

28. Defendant used an ATDS when it placed at least one call to Ms. Steven's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least five calls to Ms. Steven's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Steven's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Steven's Cellular Telephone.

32. At least one call that Defendant placed to Ms. Steven's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

33. At least one call that Defendant placed to Ms. Steven's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **5** of **10**

34. At least one call that Defendant placed to Ms. Steven's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

35. At least one call that Defendant placed to Ms. Steven's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

36. At least one call that Defendant placed to Ms. Steven's Cellular Telephone was made using a prerecorded voice.

37. Defendant has recorded at least one conversation with Ms. Steven.

38. Defendant has recorded more than one conversation with Ms. Steven.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Steven, for its financial gain.

40. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Steven's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

41. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Steven, despite individuals like Ms. Steven revoking any consent that Defendant believes it may have to place such calls.

42. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **6** of **10**

individual's cellular telephones, like the calls that it placed to Ms. Steven's Cellular Telephone.

43. Defendant's phone calls harmed Ms. Steven by trespassing upon and interfering with Ms. Steven's rights and interests in her Cellular Telephone line.

44. Defendant's phone calls harmed Ms. Steven by wasting her time.

45. Defendant's phone calls harmed Ms. Steven by causing her aggravation.

46. Defendant's phone calls harmed Ms. Steven by causing her emotional distress.

47. Defendant's phone calls harmed Ms. Steven by causing her stress and anxiety.

48. Defendant's phone calls harmed Ms. Steven by causing her to lose sleep.

49. Defendant's phone calls harmed Ms. Steven by causing a risk of personal injury to Ms. Steven due to interruption and distraction.

50. Defendant's phone calls harmed Ms. Steven by invading her privacy.

51. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **7** of **10**

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

52. Ms. Steven re-alleges paragraphs 1-19 and incorporates the same herein by reference.

53. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Steven's cellular telephone despite Ms. Steven demanding that Defendants calls stop, which can reasonably be expected to harass Ms. Steven.

    b. Defendant violated Fla. Stat. § 559.72(8) by using willfully abusive language in communicating with Ms. Steven, including when its representative was rude to her and told her "well, if you cannot make the payment, then you should not have gotten the car."

    c. Defendant violated Fla. Stat. § 559.72(17) by communicating with Ms. Steven outside of the hours of 8 a.m. and 9 p.m. without Ms. Steven's prior consent.

54. As a result of the above violations of the FCCPA, Ms. Steven has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

55. Defendant's actions harmed Ms. Steven by wasting her time.

56. Defendant's actions harmed Ms. Steven by being a nuisance and causing her aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **8** of **10**

57. Defendant's actions harmed Ms. Steven by causing her emotional distress.

58. Defendant's actions harmed Ms. Steven by causing her stress and anxiety.

59. Defendant's actions harmed Ms. Steven by causing her to lose sleep.

60. Defendant's actions harmed Ms. Steven by causing a risk of personal injury to Ms. Steven due to interruption and distraction.

61. Defendant's phone calls harmed Ms. Steven by invading her privacy.

62. It has been necessary for Ms. Steven to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

63. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **TIFFANY STEVEN**, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **9** of **10**

Respectfully submitted this **March 26, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steven v. Westlake Services, LLC d/b/a Westlake Financial Services*
Page **10** of **10**